**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALL AMERICAN HANDYMAN, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE, LLC, an Illinois limited liability company, | ) ) ) ) | JURY TRIAL REQUESTED |
| Defendant. | ) ) | |

## **COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

NOW COMES Plaintiff All American Handyman, Inc., an Illinois corporation, by and through its counsel, Schoenberg Finkel Beederman Bell Glazer LLC, and for its Complaint against Defendant All American Construction & Handyman Service, LLC, states as follows:

### **NATURE OF ACTION**

1.      This is a civil action for trademark infringement, unfair competition, deceptive trade and business practices, and unjust enrichment arising under the Lanham Act, 15 U.S.C. §1051, *et seq.*, Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the common law of Illinois.

### **THE PARTIES**

2.      Plaintiff All American Handyman, Inc. ("Plaintiff") is an Illinois corporation engaged in the business of home repair services, including carpentry services, electrical installation and repair services, painting services, plumbing installation and repair services, residential home remodeling, maintenance, and repair services, with its principal place of business at 150 Oakwood Road, Lake Zurich, Illinois.

3. Defendant All American Construction & Handyman Service, LLC ("Defendant") is an Illinois limited liability company engaged in the business of home repair and remodeling services with its principal place of business, on information and belief, in St. Charles, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction because this is a civil action that arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, and involves state and common law claims joined with a substantial and related claim under the trademark laws of the United States, for which jurisdiction is expressly conferred by 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367.

5. Personal jurisdiction over Defendant is proper in this Court because Defendant is doing business in the Northern District of Illinois by engaging in, advertising, and promoting roofing services in the Northern District of Illinois, and by advertising its services on the internet at https://www.all-american-construction.com/, which reaches prospective customers in the Northern District of Illinois. As such, Defendant has purposely availed itself of this forum, such that jurisdiction is reasonable and fair; and the exercise of personal jurisdiction by the Northern District of Illinois over Defendant comports with traditional notions of fair play and substantial justice embodied in the principles of due process.

6. Venue is proper in this Court under 28 U.S.C. §1391 because Defendant is a resident of this judicial district, because Defendant is doing business by engaging in, advertising, and promoting its roofing services in the Northern District of Illinois, and because the immediate acts for which Plaintiff requests expedited relief are taking place in this judicial district.

**FACTUAL BACKGROUND**

**Plaintiff's Trademark**

7.     Plaintiff is the registered owner of United States Trademark Registration Mark 5,615,934 for the service mark ALL AMERICAN HANDYMAN with respect to home repair services, namely, carpentry services; electrical installation and repair services; painting services; plumbing installation and repair services; residential home remodeling, maintenance, and repair services.

8.     Plaintiff has used its service mark since as early as 2014.  The registration of the mark was granted by the United States Patent and Trademark Office on November 27, 2018, and was subsequently assigned by All American Commercial Roofing, Inc. to Plaintiff on or about November 29, 2023.

9.     U.S. Registration No. 5,615,934 for the service mark ALL AMERICAN HANDYMAN,  and its assignment thereto, copies of which is attached as **Group Exhibit A**, constitutes *prima facie* evidence of Plaintiff's exclusive right to use its registered mark in connection with the services covered by the registration. *See* 15 U.S.C. § 1115(a).

10.     Plaintiff has made a substantial investment in advertising and promoting Plaintiff's services under the ALL AMERICAN HANDYMAN mark. As a result, Plaintiff has acquired extremely valuable goodwill in association with the ALL AMERICAN HANDYMAN mark, which has become distinctive in connection with Plaintiff's services.  Plaintiff's customers have come to rely upon the ALL AMERICAN HANDYMAN mark as a symbol of quality and reliability.

11. Since long before the acts of Defendant complained of herein, Plaintiff has continuously used the ALL AMERICAN HANDYMAN mark within the State of Illinois and elsewhere in interstate commerce.

**Defendant's Infringement of Plaintiff's Trademark**

12. On or about October 24, 2018, an entity bearing the name ALL AMERICAN HANDYMAN SERVICE LLC was formed as an Illinois limited liability company. On or about August 12, 2022, ALL AMERICAN HANDYMAN SERVICE, LLC changed its name with the Illinois Secretary of State to ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE, LLC.

13. Plaintiff has only recently become aware of Defendant's infringing conduct.

14. Defendant advertises its services on the internet at https://www.all-american-construction.com/, under the infringing trade name All American Construction & Handyman Service LLC. Therein, Defendant represents that it does business in Kane, DeKalb and McHenry counties, including in this District.

15. Defendant also has and, on information and belief, continues to utilize the name "All American Handyman" as part of its business operations, which encompass home repair and remodeling in Kane, DeKalb, and McHenry counties.

16. Defendant advertises its services on YELP.COM as "All American Handyman Services."

17. Defendant's name is confusingly similar and/or virtually identical to Plaintiff's mark.

18. Defendant has adopted and used the name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC in interstate commerce in association with the distribution,

4

promotion, advertising and sale of home repair and remodeling services that are similar and/or identical to, and in competition with, Plaintiff's services including those in connection with its mark.

19. Defendant's use and promotion of services in similar fields and territories offered by the Plaintiff causes a likelihood of confusion between Plaintiff's services and Defendant's services.

20. Persons familiar with Plaintiff's mark and the business of Plaintiff and/or Plaintiff's advertising are, on information and belief, likely to be confused, mistaken and/or to be deceived upon seeing Defendant's name and use of such name, and to believe that Defendant's business is endorsed by, sponsored by, or emanates from, or in some way is connected with Plaintiff's business or with its name and mark.

21. On April 15, 2026, Plaintiff, through its counsel, sent a cease and desist letter to Defendant via Certified Mail (the "April 15 Letter"). A copy of the April 15 Letter is attached as **Exhibit B**.

22. In the April 15 Letter, Plaintiff demanded that Defendant cease and desist further infringement upon the trade name "All American Handyman."

23. Thereafter, Plaintiff's counsel spoke on the telephone with Defendant's Manager and Registered Agent, Paul Garza, on April 30, 2026, and reiterated Plaintiff's demand to cease and desist. Defendant, through its Manager and Registered Agent, refused to comply with such demand.

24. On May 4, 2026, Plaintiff sent further correspondence to Defendant via Certified Mail (the "May 4 Letter"), and made a final demand in advance of litigation. The May 4 Letter is attached as **Exhibit C**. Defendant failed to respond to the May 4 Letter.

5

25. As a result of Defendant's unfair and infringing acts and/or misappropriations, Plaintiff has been irreparably damaged and, unless Defendant's infringing activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its property and goodwill.

26. Upon information and belief, Defendant, with actual and/or constructive notice and knowledge of Plaintiff's ALL AMERICAN HANDYMAN mark, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with Plaintiff's ALL AMERICAN HANDYMAN mark. Defendant began to offer its services in association with Defendant's infringing name herein a long time after Plaintiff's ALL AMERICAN HANDYMAN mark was first used in commerce and became well known within the relevant geographic areas.

27. Defendant's unauthorized use of the name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC that is nearly identical and/or confusingly similar to the Plaintiff's name and mark will irreparably harm Plaintiff by diminishing its reputation and the goodwill associated with Plaintiff's mark.

28. Absent relief, Plaintiff will be unable to police the nature and quality of services sold and/or promoted by Defendant associated with Plaintiff's name and mark. The promotion and sale by Defendant of Defendant's services under the name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC will also blur and diminish the quality of Plaintiff's mark, and lessen Plaintiff's capacity to identify and distinguish its products and services from those of Defendant as well as others.

## COUNT I
## TRADEMARK INFRINGEMENT

29. Plaintiff realleges and incorporates Paragraphs 1 through 28 above as and for this Paragraph 29.

30. Defendant's unauthorized use in commerce of the trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiff's registered mark in violation of 15 U.S.C. § 1114.

31. Defendant has used and is continuing to use the trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC with full knowledge of Plaintiff's prior and extensive rights in its mark and over Plaintiff's objection to the use thereof, and with an intent and purpose to trade upon the goodwill of Plaintiff's ALL AMERICAN HANDYMAN mark. Defendant's infringement is thus willful and deliberate.

32. Plaintiff has requested in written communications to Defendant via its representative to cease and desist from further infringing conduct, and Defendant has refused to acquiesce to said demands.

33. Defendant's acts of infringement are willful, intentional and made with deceptive intent.

34. Said acts of infringement are irreparably damaging and will cause further irreparable injury to Plaintiff unless restrained by this Court, and therefore Plaintiff is without an adequate remedy at law.

**COUNT II**
**UNFAIR COMPETITION**

35. Plaintiff realleges and incorporates Paragraphs 1 through 34 above as and for this Paragraph 35.

36. By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in unfair competition with Plaintiff.

7

37.     Defendant's unauthorized use in commerce of Defendant's trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant and/or its services are offered by Plaintiff or are otherwise affiliated, connected, associated with, or sponsored or approved by Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendant's use in commerce of Defendant's trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC in connection with Defendant's services constitutes a misappropriation of the distinguishing and identifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from Plaintiff's ALL AMERICAN HANDYMAN mark and the goodwill associated therein.

39.     Defendant's use of Defendant's trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC constitutes false representations that Defendant has some connection or association with, or sponsorship by Plaintiff, and that Plaintiff's services are available from Defendant.

40.     Said actions of Defendant constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services Defendant causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

41.     Defendant has used and is continuing to use the trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC with full knowledge of Plaintiff's rights as

8

alleged herein and after Plaintiff's objection to the use thereof and therefore with an intent and purpose to trade upon the goodwill of Plaintiff's ALL AMERICAN HANDYMAN mark. Defendant's infringement is thus willful and deliberate.

## COUNT III
### DECEPTIVE TRADE AND BUSINESS PRACTICES

42.     Plaintiff realleges and incorporates Paragraphs 1 through 41 above as and for this Paragraph 42.

43.     By virtue of the acts described above, Defendant has engaged in and is engaging in deceptive trade practices prohibited by 815 ILCS § 510/1 *et seq.* and the common law of the State of Illinois, by leading customers to believe that Defendant is associated with, approved by, or endorsed by Plaintiff.

44.     Defendant's use of the trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC constitutes a deceptive trade practice in violation of 815 ILCS 510/2 *et seq.* insofar as it:

      (a)    passes off the Defendant's services as those of the Plaintiff;

      (b)    causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its services;

      (c)    causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Plaintiff;

      (d)    represents that Defendant's services have sponsorship or approval that they do not have.

45.     Defendant's acts constitute deceptive business practices in that its acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices

9

Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

46. Upon information and belief, Defendant has willfully engaged in the aforementioned deceptive trade practices.

## COUNT IV
## UNJUST ENRICHMENT

47. Plaintiff realleges and incorporates Paragraphs 1 through 46 above as and for this Paragraph 47.

48. Defendant's use of the trade name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC results in Defendant's unjust enrichment under the common law of the State of Illinois.

49. Defendant's conduct renders it unjustly enriched to the express detriment of Plaintiff, who has suffered damages resulting therefrom.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff All American Handyman, Inc. respectfully prays for the following relief:

1. Find that Defendant willfully violated Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

2. Find that Defendant committed acts of unfair competition and deceptive trade practices in violation of the law of the State of Illinois, 815 ILCS 510/2;

3. Preliminarily and permanently enjoin Defendant, its officers, partners, agents, servants, employees, attorneys, successors and all those in active concert or

participation with any of them, from use of the ALL AMERICAN HANDYMAN mark and/or any other colorable imitation of any ALL AMERICAN HANDYMAN mark in any advertisement, promotion, offer for sale or sale of any goods and/or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

4. That Defendant be directed to deliver up for destruction all labels, signs, prints, advertisements or other materials in its possession, custody or control which are within the United States of America, its territories and possessions, which bear or display Defendant's name ALL AMERICAN CONSTRUCTION & HANDYMAN SERVICE LLC and/or any other ALL AMERICAN formative names or marks, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118;

5. That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities, and that said award be trebled as provided by law, or in the alternative that Plaintiff be awarded statutory damages in an amount to be determined by the Court for willful use of an infringing mark;

6. That Plaintiff be awarded punitive damages in such amount as the Court shall find sufficient to deter Defendant's willful unlawful conduct;

7. That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees;

8. That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order; and

9.      That Plaintiff has such other and additional relief as is warranted by the facts established at trial on which this Court may deem as just and appropriate.

Respectfully submitted,

**All American Handyman, Inc.**

By:     /s/ *Jeffery M. Heftman*
         One of Its Attorneys

Jeffery M. Heftman
Jeffery.Heftman@sfbbg.com
Andrew S. Johnson
Andrew.Johnson@sfbbg.com
SCHOENBERG FINKEL
    BEEDERMAN BELL GLAZER LLC
300 South Wacker Drive, Suite 1500
Chicago, Illinois 60606
(312) 648-2300

12